**Gastavo Rodrigo ENRIQUEZ–PESANTES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70024.**
**I & NS No. A29–291–592.**

United States Court of Appeals, Ninth Circuit.

---

designation.

Submitted July 9, 2001 *.

Decided Aug. 1, 2001.

Before RYMER and RAWLINSON, Circuit Judges, and POGUE,** Judge.

### MEMORANDUM ***

Petitioner, Gustavo Rodrigo Enriquez–Pesantes ("Petitioner" or "Enriquez–Pesantes"), a native and citizen of Ecuador, petitions for review of the final order of the Board of Immigration Appeals ("BIA" or "Board") dismissing his appeal of the Immigration Judges's ("IJ") decision denying his applications for asylum and withholding of deportation. We have jurisdiction to consider his petition for review under 8 U.S.C. § 1105a[1] and we deny the petition.

The BIA's decision that Petitioner has not established eligibility for asylum is reviewed under the substantial evidence standard. *Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). To reverse the BIA's decision, Enriquez–Pesantes must establish not just that the evidence supports a contrary decision, but that it compels it. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (*citing Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995)).

We deny Enriquez–Pesantes petition for review because the evidence does not support a basis for concluding that a reasonable factfinder would have been

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Donald Pogue, Judge for Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. This case is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA"), since Enriquez–Pesantes' deportation proceedings commenced prior to April 1, 1997, and his final deportation order was entered after October 30, 1996. *See* IIRIRA § 309(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996); *see also Kalaw v. INS*, 133 F.3d 1147, 1149–50, (9th Cir.1997). IIRIRA repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. However, because 8 U.S.C. § 1252 does not apply to deportation proceedings commenced before April 1, 1997, this Court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

compelled to find past persecution or the requisite fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the evidence does not compel a finding of eligibility for asylum, Enriquez–Pesantes cannot satisfy the more stringent standard for withholding of deportation. *Fisher v. INS,* 79 F.3d 955, 965 (9th Cir. 1996)(en banc).

PETITION FOR REVIEW DENIED.